No. 23-80025

In the

# United States Court of Appeals
## For the Ninth Circuit

_____

RASESH SHAH, et al.,

*Plaintiffs-Respondents*,

v.

QUALCOMM INCORPORATED, et al.,

*Defendants-Petitioners.*

_____

On Petition for Permission to Appeal an Order of the
United States District Court for the Southern District of California, San Diego
Honorable Jinsook Ohta, District Judge
Case No. 3:17-cv-00121-JO-MSB

_____

**MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL**

_____

| | |
|---|---|
| Jennifer B. Dickey | John S. Moran |
| Kevin R. Palmer* | MCGUIREWOODS LLP |
| U.S. CHAMBER | 888 16th Street N.W. |
| LITIGATION CENTER | Suite 500 |
| 1615 H Street NW | Black Lives Matter Plaza |
| Washington, D.C. 20062 | Washington, D.C. 20006 |
| | T: (202) 828-2817 |
| *Admitted in Massachusetts only. Practicing under the supervision of members of the D.C. Bar. | F: (202) 828-3327 |

*Counsel for Amicus Curiae Chamber of Commerce of the United States of America*

# **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1, amicus curiae the Chamber of Commerce of the United States of America certifies that it has no outstanding shares or debt securities in the hands of the public, and it does not have a parent company. No publicly held company has a 10% or greater ownership interest in amicus curiae.

Dated: April 10, 2023                    Respectfully submitted,

*/s/ John S. Moran*
John S. Moran

*Counsel for Amicus Curiae Chamber of Commerce of the United States of America*

Pursuant to Federal Rule of Appellate Procedure 29(a) and Circuit Rule 29-3, proposed amicus curiae the Chamber of Commerce of the United States of America respectfully submits this motion for leave to file a brief as amicus curiae support of the Defendants-Petitioners' petition for permission to appeal. Counsel for Defendants-Petitioners have consented to the filing of this brief; counsel for Plaintiffs-Respondents have not consented.

The Chamber of Commerce of the United States of America is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files amicus curiae briefs in cases, like this one, that raise issues of concern to the nation's business community.

The Chamber's members have a strong interest in promoting fair and predictable legal standards. They are particularly likely to be defendants in putative class actions. The Chamber's members thus have a strong interest in ensuring that courts comply with the Supreme Court's class action precedents, including undertaking the rigorous analysis required by Federal Rule of Civil Procedure 23. The Chamber has filed amicus curiae briefs in several recent Rule 23 class action

cases, including *Tyson Foods, Inc v. Bouaphakeo*, 136 S. Ct. 1036 (2016); *Comcast Corp v. Behrend*, 569 U.S. 27 (2013); and *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

Mindful of the role of amicus curiae, the Chamber's amicus brief does not duplicate the parties' arguments. The Chamber instead seeks to provide the Court with a broader perspective on the economic effects of class actions and how they are affected by two important issues raised here: the need under *Comcast* to ensure an appropriate fit between a plaintiff's damages model and his theories of liability, and the inappropriateness of the "materialization of the risk" theory as the basis for certifying a damages class in a securities-fraud class action. That perspective reflects the interests of the Chamber's members, who are frequent targets of this particular type of litigation.

Amicus briefs by the Chamber have been regularly accepted by federal courts of appeals and the United States Supreme Court. Other recent cases where this Court has agreed to accept an amicus brief from the Chamber include: *Mayor and City Council of Baltimore v. BP p.l.c.*, No. 19-1644 (4th Cir. 2019); *Estate of Arturo Giron Alvarez v. The Johns Hopkins University*, No. 19-1530 (4th Cir. 2019); *Elledge v. Lowe's Home Centers, LLC*, No. 19-1069 (4th Cir. 2019); *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, No. 17-1640 (4th Cir. 2018) (on

petition for rehearing); *Calderon v. GEICO Gen. Ins. Co.*, No. 14-2114 (4th Cir. 2016) (on petition for rehearing).

## CONCLUSION

For the foregoing reasons, the Chamber of Commerce of the United States of America requests that the Court grant its motion for leave to file a brief as amicus curiae.

Dated: April 10, 2023

Jennifer B. Dickey
Kevin R. Palmer*
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, D.C. 20062
*<i>Admitted in Massachusetts only. Practicing under the supervision of members of the D.C. Bar.</i>

Respectfully submitted,

*/s/ John S. Moran*

John S. Moran
MCGUIREWOODS LLP
888 16th Street N.W.
Suite 500
Black Lives Matter Plaza
T: (202) 828-2817
F: (202) 828-3327
jmoran@mcguirewoods.com

*Counsel for Amicus Curiae Chamber of Commerce
of the United States of America*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) and Ninth Circuit Rule 27-1 because it contains 513 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

2. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

Dated: April 10, 2023

Respectfully submitted,

*/s/ John S. Moran*
John S. Moran

*Counsel for Amicus Curiae Chamber of Commerce of the United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

Dated: April 10, 2023      Respectfully submitted,

                */s/ John S. Moran*
                John S. Moran

                *Counsel for Amicus Curiae Chamber of Commerce of the United States of America*