No. 23-80025

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAH ET AL. v. QUALCOMM INCORPORATED ET AL.

Petition for Permission to Appeal Order Granting Certification of Class from the United States District Court Southern District of California
Case No. 3:17-cv-00121-JO-MSB, The Honorable Jinsook Ohta, Presiding

**MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO RULE 23(F) FROM AN ORDER GRANTING CLASS CERTIFICATION**

ROBERT A. VAN NEST
EUGENE M. PAIGE
LAURIE CARR MIMS
CODY S. HARRIS
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188

Additional counsel listed on signature page

*Attorneys for Petitioners-Defendants*
*Qualcomm Incorporated, Derek K. Aberle, Steven R. Altman,*
*Donald J. Rosenberg, William F. Davidson, Jr., Paul E. Jacobs and*
*Steven M. Mollenkopf*

Petitioners-Defendants Qualcomm Incorporated, Derek Aberle, Steven Altman, Donald Rosenberg, William Davidson, Jr., Paul Jacobs, and Steven Mollenkopf (collectively, "Qualcomm") respectfully request leave to file a short reply brief in support of their Petition for Permission to Appeal Pursuant to Rule 23(f). *See* Dkt. 1-1.

Even though neither the Federal Rules of Appellate Procedure nor the Ninth Circuit Rules and Advisory Committee Notes expressly address reply briefs in support of petitions for permission to appeal, this Court routinely grants leave to file reply briefs in support of petitions seeking interlocutory review under Federal Rule of Civil Procedure 23(f). *See e.g., Stromberg v. Qualcomm Inc.*, No. 18-80135, Dkt. 10 (9th Cir. Jan. 23, 2019); *Owino v. CoreCivic, Inc.*, No. 21-80003, Dkt. 6 (9th Cir. Mar. 10, 2021); *Engurasoff v. Coca-Cola Refreshments USA, Inc.*, No. 20-80046, Dkt. 4 (9th Cir. Apr. 22, 2020).

Qualcomm submits that its short reply brief will assist the Court's consideration of Qualcomm's Petition. As explained in the Petition, interlocutory review is warranted because the District Court's opinion is based on a manifest error of law. Specifically, the District Court erred by failing to analyze whether Plaintiffs' proposed damages model aligns with their materialization-of-the-risk theory of loss causation as

1

required by *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013).

Plaintiffs' Answer contains several mischaracterizations of law and the facts of this case to which Qualcomm has not had the opportunity to respond. For example, despite having repeatedly told the District Court that this is a case about the materialization of an undisclosed level of antitrust risk, Plaintiffs now claim that the District Court properly certified their class under a "traditional" corrective-disclosure theory. But Plaintiffs' Answer confirms that they intend to pursue the materialization-of-the-risk theory once they've cleared the class certification hurdle by purportedly adverting to a different theory. Answer ("Ans.") at 14. As the reply brief explains, that shell game won't work. Plaintiffs can ***only*** rely on a materialization-of-the-risk theory of loss causation.

Plaintiffs' Answer also argues that any challenge to their proposed damages model and how it aligns with their materialization-of-the-risk theory would be "premature" and that Plaintiffs' damages expert need not explain ***how*** he will tie damages to that theory at the class certification stage. Yet, as the reply brief explains, courts that allow plaintiffs to proceed under a materialization-of-the-risk theory require plaintiffs' experts to show how they will isolate losses associated with a

2

known (inactionable) risk from the losses associated with any allegedly concealed (actionable) risk.[1] Plaintiffs have not explained how they can do so here.

For these reasons, Qualcomm respectfully requests that the Court grant this motion and consider the attached reply brief in resolving Qualcomm's 23(f) petition.

Dated:  April 20, 2023          Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

s/ Robert A. Van Nest
ROBERT A. VAN NEST (84065)
(rvannest@keker.com)
EUGENE M. PAIGE (202849)
(epaige@keker.com)
LAURIE CARR MIMS (241584)
(lmims@keker.com)
CODY S. HARRIS (255302)
(charris@keker.com)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Tel: (415-391-5400
Fax: (415) 397-7188

---

[1] Courts in this circuit are also split on how much detail a damages expert must provide at the class certification stage where, as here, only some alleged misrepresentations, but not others, are deemed actionable. *See Junge v. Geron Corp.*, 2022 WL 1002446, at *7 (N.D. Cal. Apr. 2, 2022) (describing intra-circuit split).

3

CRAVATH, SWAINE & MOORE LLP
ANTONY L. RYAN (pro hac vice)
(aryan@cravath.com)
YONATAN EVEN (pro hac vice)
(yeven@cravath.com)
JUSTIN C. CLARKE (pro hac vice)
(jcclarke@cravath.com)
M. BRENT BYARS (pro hac vice)
(mbyars@cravath.com)
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

COOLEY LLP
STEVEN M. STRAUSS (99153)
(sms@cooley.com)
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
CHRISTOPHER DURBIN (218611)
(cdurbin@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-9109
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Petitioners-Defendants
QUALCOMM INCORPORATED.
DEREK K. ABERLE, STEVEN R.
ALTMAN, DONALD J. ROSENBERG,
WILLIAM F. DAVIDSON, JR.,
PAUL E. JACOBS and STEVEN M.
MOLLENKOPF

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2023, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                        *s/Robert A. Van Nest*
                                        ROBERT A. VAN NEST